IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CURTIS A. VOLLMAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18cv450–HEH |
| | ) |
| RUNSIGNUP, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
(Granting Defendant's Motion to Dismiss)

This matter is before the Court on the Motion to Dismiss (the "Motion," ECF No. 10) filed on behalf of RunSignUp, Inc. (the "Defendant"). For the reasons that follow, the Court will grant Defendant's Motion because the claims contained in the Amended Complaint are time-barred, and therefore, the matter must be dismissed with prejudice.

**I. BACKGROUND**

Curtis Vollmar (the "Plaintiff") claims "he was discriminated out of [his] job for being vegan." (Am. Compl. 6, ECF No. 3.) The pleadings[1] allege Plaintiff was fired from Defendant's company after he sent a "pro-vegan" email to his coworkers. (*Id.*) According to Plaintiff, "[t]he core question is simple: If 'carnism' can be professed and

---

[1] Plaintiff has filed a Complaint and an Amended Complaint in this matter. While the substance of the allegations contained in both pleadings are identical, the named defendants in the Complaint and the Amended Complaint are different. Plaintiff filed the original Complaint against his former supervisor "Bob Bickel," whom the pleading identifies as the "CEO Of RunSignUp," an improper defendant. (Compl. 2); *see Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998) (holding that supervisors are not liable in their individual capacities for violations of Title VII.). The Amended Complaint names RunSignUp, Inc., the corporate entity where Plaintiff was employed, as the proper Defendant.

1

on display in the work environment, should not veganism be allowed the same protections?" (*Id.*)

Prior to filing his lawsuit in this Court, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC" or the "Commission"). Thereafter, the Commission issued a right-to-sue letter on March 29, 2018,[2] which allowed Plaintiff to pursue legal action under Title VII within the constraints set by the letter. (Am. Compl. Ex. 1.) The letter stated in relevant part, "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.*)

Plaintiff filed the Complaint on June 28, 2018. However, the Complaint was never served on Bob Bickel, the original defendant.[3] On August 22, 2018, Plaintiff filed his Amended Complaint that named RunSignUp, Inc. as the Defendant. In addition, Plaintiff attached a hand-written note to the summons that issued with the Amended

---

[2] Plaintiff attached a copy of his right-to-sue letter to both the Complaint and the Amended Complaint. (Am. Compl. Ex. 1, ECF No. 3-1.) Because neither pleading states when Plaintiff received the right-to-sue letter, the Court will presume that it arrived three-days after it was issued. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984) (applying the three-day presumption to the receipt of an EEOC right-to-sue notice).

Here, the right-to-sue letter was issued on Thursday, March 29, 2018. (Am. Compl. Ex. 1.) Adding three days to this date, the presumed date of delivery would be April 1, 2018. However, because April 1, 2018 was a Sunday, the Court will presume that the right-to-sue letter was delivered on the following day, April 2, 2018. *See Reid v. Potter*, No. 3:06cv267, 2007 U.S. Dist. LEXIS 87050, *5 (W.D.N.C. Nov. 9, 2007) (taking judicial notice "that mail delivered in the normal course is not delivered on Sunday.").

[3] The original summons was issued on June 28, 2018, the same day the Complaint was filed. (ECF No. 2.) To date, the Court has not received a return of service showing that Plaintiff served the Complaint.

2

Complaint. (ECF No. 4.) That note stated, "After receiving my original summons on June 28th, I attempted to have process servers serve the original defendant in early July. The process servers failed to serve the original defendant on three occasions and have since destroyed the documents. This took place in New Jersey of 2018." (*Id.*)

Based on this procedural history, Defendant contends that Plaintiff failed to file his Amended Complaint within the 90-day limitation period, rendering it untimely filed. (Def's. Mem. in Supp. 5–9, ECF No. 11.) Defendant also argues that the Amended Complaint cannot relate back to the Complaint's original filing date. (*Id.* at 9.) Further, Defendant contends that Plaintiff's Complaint fails to state a claim for which relief can be granted because "veganism" is not a protected class.[4] (*Id.* at 11.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). To survive a 12(b)(6) challenge, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), to a level that is "plausible

---

[4] In its Motion to Dismiss, Defendant made an additional argument that Plaintiff has failed to state a claim under the Virginia Human Rights Act. (Def's. Mem. in Supp. 9–11.) However, the Court need not address this argument because neither the Complaint nor the Amended Complaint attempt to plead a cause of action under Virginia law. Furthermore, the Motion to Dismiss likewise argues that Plaintiff has failed to explicitly state a federal claim. (*Id.*) Unlike Defendant's point that Plaintiff has failed to plead a state cause of action, the pleadings contain enough information for the Court to construe that Plaintiff has attempted to make out a claim for discrimination under Title VII—this is based upon Plaintiff's general allegations of employment discrimination as well as his attaching the EEOC right-to-sue notice to the pleadings.

3

on its face," *id.* at 570. In addition, a plaintiff's well-pleaded allegations are accepted as true and viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004). A complaint's legal conclusions, however, enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When reviewing a 12(b)(6) motion, the Court "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," however, the Court may consider an affirmative defense when there are sufficient facts alleged in the complaint to make a ruling. *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] *on the face of the complaint.*'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993); also citing *Desser v. Woods*, 296 A.2d 586, 591 (Md. 1972)).

### III. DISCUSSION

Defendant argues the Amended Complaint was untimely because it was filed outside the 90-day limitation period, and furthermore, the Amended Complaint does not relate back to the Complaint's original filing date. (Def's. Mem. in Supp. 5–9.) Consequently, Defendant argues that Plaintiff's allegations against it must be dismissed with prejudice. The Court agrees.

Before filing a lawsuit under Title VII, a prospective plaintiff must first file an administrative charge with the EEOC. 42 U.S.C. § 2000e-5(b), (f)(1); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir. 2005) ("Title VII gives initial enforcement

responsibility to the EEOC."). If the EEOC declines to act upon this charge, then a right-to-sue letter is issued, which informs a plaintiff that he may file a lawsuit within the 90-day limitation period that is triggered upon receipt of the letter. 42 U.S.C. § 2000e-5(f)(1). "The timing requirements for filing a lawsuit following an EEOC right-to-sue notice have been strictly construed." *Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987) (holding that a lawsuit filed ninety-one days after receipt of an EEOC notice was untimely); *Boyce v. Fleet Finance Inc.*, 802 F. Supp. 1404 (E.D. Va. 1992) (ninety-two days)). The 90-day requirement is not jurisdictional, but it "is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

The Fourth Circuit has rejected the principle that the 90-day limitation period begins with the potential plaintiff's *actual receipt* of the right to sue letter. *Harvey*, 813 F.2d at 653–54. "If the date is unknown, however, it is presumed that service by regular mail is received within three days pursuant to Rule 6(e) of the Federal Rules." *Nguyen v. Inova Alexandria Hosp.*, No. 98-2215, 1999 U.S. App. LEXIS 17978, *9 (4th Cir. July 30, 1999) (citations omitted); *see also Pennington v. Gen. Dynamics Armament & Tech. Prods., Inc.*, No. 1:12cv63, 2013 U.S. Dist. LEXIS 93904, at *5 (W.D. Va. July 3, 2013) (citations omitted).

When an amendment is made beyond the statute of limitations, Federal Rule of Civil Procedure 15(c) governs whether that amendment can relate back to the original filing date to be considered timely. The applicable portions of the Rule provide that an amendment relates back when:

5

> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> > **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). Thus, as the Fourth Circuit has explained, when a party is added to a lawsuit by an amendment, three-factors must be satisfied for the amendment to relate back to the filing date of the original complaint.

> Thus . . . an amendment that changes the party against whom a claim is asserted relates back to the date of the original pleading if (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant "but for a mistake concerning the identity of the proper party."

*Goodman*, 494 F.3d at 467. The Fourth Circuit reasoned these requirements balance the competing policies of freely permitting an amendment of pleadings (and their relation back) with the interest that defendants have in predictable repose from claims via statutes of limitations. *Id.*

In the current matter, Plaintiff filed the initial Complaint against Bob Bickel within the 90-day statute of limitations.[5] Bickel, however, was never served with a copy

---

[5] The Complaint was filed on June 28, 2018, which was 87 days after the presumed receipt of the right-to-sue-letter on April 2, 2018.

of the Complaint. Furthermore, based upon the hand-written note that Plaintiff attached to the summons of the Amended Complaint, he was aware that Bob Bickel and RunSignUp, Inc. were distinct legal entities. As Plaintiff stated, he "attempted to have process servers serve the *original defendant* in early July" of 2018—thereby recognizing the distinction between the original defendant and the new defendant added by the amendment. (ECF No. 4.)

It was not until August 22, 2018, which was 142 days after Plaintiff received the EEOC right-to-sue letter, that Plaintiff amended the Complaint to substitute RunSignUp, Inc., as the proper Defendant. Thus, the Amended Complaint was clearly filed outside of the 90-day statute of limitations. Consequently, the allegations levied against Defendant can only be considered timely *if* they relate back to the Complaint's original filing date.

The Amended Complaint, however, cannot relate back because it fails to satisfy the second and third factors described in *Goodman*. *See* 494 F.3d at 467. Because the Complaint was never served, the Defendant, the party added via the Amended Complaint, never had notice of the original lawsuit through its CEO, Bob Bickel. *See id.* at 473 ("The mandate remains that a plaintiff has the burden of locating and suing the proper defendant within the applicable limitations period."). Furthermore, it logically follows that, in the absence of any service of the Complaint, Defendant could not have known that it should have been named in the lawsuit. *See id.* at 472 ("Thus, when a person would reasonably believe that the time for filing suit had expired, without having been

given notice that it should have been named in an existing action, that person is entitled to repose.")

Finally, because the Court concludes that Plaintiff's allegations against the Defendant were not timely filed, the Court need not address Defendant's additional argument that "veganism" is not a protected class under Title VII.

## IV. CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's allegations against the Defendant must be dismissed with prejudice because they were not timely filed and do not relate back to the date of Plaintiff's original Complaint. An appropriate order will accompany this memorandum opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov 15 2018
Richmond, Virginia

8